CASE 74—PETITION EQUITY—JANUARY 16.

# Howard v. Howard, &c.

APPEAL FROM HARLAN CIRCUIT COURT.

1. JUDICIAL SALES—STATUTE OF FRAUDS.— Where a purchaser of land at judicial sale, before a conveyance was made to him, verbally transferred the land to another, an order of court reciting the transfer and directing a deed to be made to the transferee, was sufficient to take the transaction out of the statute of frauds

2. SAME—FRAUD—LIMITATION —In this action by the transferee seeking to have the land conveyed to him, he is entitled to the relief sought as against the defendant, who has fraudulently obtained a deed from the commissioner, that deed not vesting defendant with either the legal or equitable title, although he had a parol contract with plaintiff by which the title was to be transferred to him to secure the repayment to him of a part of the purchase money and other debts he was to pay for plaintiff. But even if the defendant had by some means acquired the legal title without the knowledge or consent of plaintiff, plaintiff being in possession with an equity, his equity must prevail over the legal title thus acquired. Therefore, although more than ten years have elapsed since the execution of the deed to defendant, plaintiff's right to relief is not barred, section 6, article 3, chapter 71, General Statutes, prescribing a limitation as to actions for relief against fraud, having no application.

3 SAME —Plaintiff is to be regarded as a vendee in possession seeking a conveyance, and, therefore, even if the statute referred to would otherwise be applicable, it can not apply because of the express provision of section 20 of article 5, chapter 71, General Statutes, that the

provisions of that chapter shall not apply " to an action by a vendee of real property in possession thereof, to obtain a conveyance."

4. TRUSTS—CHAMPERTY.—If defendant is to be regarded as holding the land as security for what he paid for plaintiff, the trust follows a voluntary conveyance by him to his wife and children. Besides, that conveyance, having been executed by defendant while plaintiff was in the actual adverse possession of the land, was champertous and void.

5. PARTIAL TRANSCRIPT.—This being a case in equity and all the record necessary to a determination of the questions involved being here, the appeal should not be dismissed.

JOHN L. SCOTT & SON FOR APPELLANT.

1. The fact that appellant was in the adverse possession of the land in controversy in 1890, when M E. Howard attempted to convey the land to his wife and children, renders that deed void. (Gen. Stats., chap. 11, sec. 2; Kinsolving v. Pierce, 18 B. M., 784.)

2. Whatever title appellees hold they hold in trust for appellant. No particular set of words or phrases is necessary to create a valid and enforceable trust.

3. Three of the defendants were infants and were not properly before the court, and for that reason the judgment should be reversed.

J. M. UNTHANK AND T. L. EDELEN FOR APPELLEES.

1. It is not necessary to answer and rely on the statute of frauds when the petition shows a want of necessary writing. The question can be made by demurrer. (Linn Boyd, Co. v. Terrell, 13 Bush, 463.)

2. While the general rule is that the statute of limitations must be pleaded, yet this is not required in a case like this, where the petition shows not only a sufficient lapse of time but the non-existence of any ground of avoidance. (Gen. Stats., chap. 71, art. 3, sec. 6; Chiles v. Drake, 2 Met., 148; Rankin v. Turney, 2 Bush, 556; Brand v. Jolly, 5 Bush, 86; Stillwell v. Leavy, 84 Ky., 379; Phillips v. Shipp, 81 Ky., 436.)

3. Where parties enter into a fraudulent contract to injure other persons, the courts will not grant any relief whatever to either of the parties.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The court having sustained a demurrer to appellant's petition, and appellant failing to plead further, his petition was dismissed.

Substantially, these are the facts alleged in the petition. Henry Farler died the owner of certain

lands in Harlan county. His personal estate being insufficient to pay his debts, suit was brought to settle his estate and to sell enough of his real estate to pay the debts of the estate. Proceedings were regularly had in the Harlan Circuit Court, and so much land was ordered sold as was sufficient for that purpose.

The six tracts of land in controversy in this suit were sold under such order, when Ewell V. Unthank became the purchaser. Afterward, in 186—, he, in consideration of seven hundred and fifty dollars, sold the land he had thus purchased to the appellant, Samuel Howard, Sr., who paid him on the price the sum of five hundred and thirteen dollars and sixty-seven cents, leaving a balance due of two hundred and thirty-six dollars and thirty-three cents. At the May term, 1869, of the court, an order was entered reciting Unthank's purchase, his transfer to the appellant, and directing the deed for the land be made to the appellant.

Appellant took possession of the land under his purchase. No memorial of the contract of sale from Unthank to appellant was ever given, except the order of court as stated.

Sometime in 187—, appellant had not yet paid Unthank the balance due him for purchase money. He was financially embarrassed, he owing the balance of purchase money, his brother, Milton E. Howard (appellee), a debt as assignee of C. B. Brittain and other debts amounting to about two hundred dollars.

In order to enable him to pay these debts he entered into a parol contract with the appellee, Milton E.

Howard, by which he was to pay the Unthank debt, stay the collection of the debt which he held as assignee, and pay the other debts which appellant owed, charge him no interest, but receive one-third of all the grain raised on land. If timber was sold from the land the proceeds were to go on the debts. To protect the appellee from loss, the title was to be transferred to him; when debts were paid, it was to be reconveyed. When appellant should make the deed in pursuance to this arrangement, a writing ex pressive of the foregoing contract between the parties was to be executed. Neither the deed nor writing was ever executed.

Without any authority from, and without the knowledge or consent of the appellant, the appellee, Milton E. Howard, procured from the court in the Farler case a deed for the six tracts of land. The deed was not recorded until June, 1883. Appellant had no knowledge of the procurement of this deed, nor that it had been recorded, until 1890. Appellant had been in the actual adverse possession of the land from about the time of his purchase until the bringing of this suit, claiming it as his own. The obtention of the deed was fraudulent. Appellant says that he has paid appellee all that was paid by him under the contract. He is willing that for whatever amount he may owe the appellee, a lien shall be adjudged against the land. In 1890 the appellee, Milton E. Howard, while appellant was in the actual adverse possession of the land, claiming it as his own, without consideration, executed and delivered a deed to the other appellees, by which he attempted to convey the entire boundary

to them.   They were acquainted with the facts as here stated.   He seeks to have the land conveyed to him, &c., and for all proper relief.

It is claimed among other reasons that the demurrer should be sustained, because it is an action brought to charge one on a parol contract for the sale of real estate, and that, under section 1, chapter 22, General Statutes, the action can not be maintained.

Without further discussion of the question, it is sufficient to say that the purchase of Unthank and the transfer of his purchase to appellant, together with the order directing the deed to be made to him, takes the case out of the statute of frauds and perjuries. Although appellant never had made to him a deed conveying him the land, nevertheless, he holds the equitable title thereto.

It is claimed he can not maintain the action because the appellant's contract with appellee was to defraud his, appellant's, creditors.   The contrary is the fact. The contract was entered into for the express purpose of releasing himself from his financial embarrassment, and to enable him to pay all his debts.   He agreed to convey his land to his brother to make sure the payment of his debts.

It is insisted that the court properly sustained the demurrer to the petition, because, under section 6, article 3, chapter 71, General Statutes, any right the appellant may have had to be relieved of the fraud committed by Milton E. Howard in obtaining the deed to the land from the court, is barred.

The court is of the opinion that the statute of limitations does not bar appellant's right to relief against

the fraud. After Unthank had made the purchase of
the land at decretal sale, on his motion or by an order
of court, appellant was substituted as the purchaser,
and paid all the purchase money except two hundred
and thirty-six dollars and thirty-three cents. He was
then, or shortly after, placed in the actual possession
of the land, and has held it continuously since that
date, being for more than twenty years. His nego-
tiations with his brother, Milton E. Howard, passed
no title whatever to the land he obtained under Un-
thank's purchase, and the deed subsequently made
to Milton E. Howard by the commissioner passed
neither the equitable nor legal title. He was not
a purchaser either from Unthank or the appellant,
and no order of court, if one had been made, could
have divested the appellant of his right to a convey-
ance upon the payment of the purchase money. But
assuming that after the appellant had been substi-
tuted to the rights of Unthank, and placed in posses-
sion by some means, Milton E. Howard had obtained
the legal title without the knowledge or consent of
the appellant, it is then apparent that the appellant,
holding an equity with the actual possession, would
have such an equity as would prevail over the legal
title.

It is elementary that an equitable title, with the
party holding the equity in possession at the time
the legal title is acquired, has preference over the
legal title. If the appellee, Milton E. Howard, had
been substituted as vendor by the chancellor, all he
can do is to enforce his lien for the purchase money,
and the statute of limitations has no application to

the state of case presented by the petition. If so, you have the one in possession with the better title ousted by one not in possession and holding under an inferior title; for the possession of the appellant was notice of his equity to one who attempts to, and does subsequently, acquire the legal title. If the appellant had executed a conveyance to his brother for the purpose of paying his debts, or his brother can be regarded as holding this land as security for what he paid for him, the trust follows the voluntary conveyance to the wife and children. They occupy no better attitude than Milton E. Howard, and have no better title, and it is manifest, if the facts alleged are true, Milton E. Howard never was vested with title. The deed which Milton E. Howard made them, under the alleged state of facts, was champertous and void.

If the elementary principle announced in this opinion did not control, and the general provision contained in section 6, article 3, chapter 71, General Statutes, with reference to the statute of limitations, was applicable, still the demurrer should not have been sustained, because the appellant was a vendee in possession of the land, and seeks a conveyance of the property in this action.

Section 20, article 4, chapter 71, General Statutes, is as follows:

"The provisions of this chapter shall not apply in case of a continuing and subsisting trust, nor to an action by a vendee of real property in possession thereof, to obtain a conveyance."

This exception in the statute would save appellant's right to sue, and the action would not be barred.

This being a case in equity, and all the record necessary to the determination of the questions involved being here, the appeal should not be dismissed. (Terrell v. Rowland, 86 Ky., 67.)

The court should have overruled the demurrer to the petition.

The cause is reversed, and remanded with directions for further proceedings consistent with this opinion.